SECOND DEPARTMENT, MAY, 1956

(May 2, 1956)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL PRITCHETT, JR., Appellant, against FRANCES W. PRITCHETT, Respondent.—Appeal from an order which dismissed appellant's petition and writ of habeas corpus, directed that custody of the children of the parties be continued in the respondent, subject to a right of visitation by appellant, and denied his motion for a rehearing. Order modified on the law and the facts by incorporating after the third ordering paragraph a provision that appellant, upon thirty days' notice to respondent, may have custody of the two children, Frances and Beverly, during the months of July and August in each year, and the custody of the son Daniel for the same period each year when he becomes six years of age, and that appellant may apply upon notice at any time for modification of the provisions of this order upon a showing of substantial change of circum-

stances including the age of the children. As so modified, the order is affirmed, without costs. After their marriage in 1946, the parties lived together in their home in Niantic, Illinois, until April 6, 1953. Appellant's parents lived nearby in the same village where appellant worked in a bank, of which his father was president and principal stockholder. Two children were born to them there, one in 1947 and the other in 1950. On April 6, 1953, respondent went to Staten Island, New York, to visit her parents who resided there, taking the two children with her. This was not long after a period of some friction involving not only the parties hereto, but also their respective parents. A third child was born in October, 1953, in Staten Island, and respondent has not returned to Niantic. She has kept the children with her in Staten Island, where they occupy an apartment in a two-family house owned by her father, who is also otherwise supporting them. Her parents reside in the other apartment. In January, 1955, and prior to the institution of this proceeding in August, 1955, appellant commenced an action in Illinois for a divorce on the ground of desertion. Process was served on respondent personally in Staten Island. She did not appear in the action and an order was made in May, 1955, by the Illinois court, awarding temporary custody of the children to appellant. This Illinois action was discontinued after the rendition of Special Term's decision in the instant proceeding, but before the making of the order appealed from, and before the making of appellant's motion for a rehearing. In view of the physical residence of the children in this State, Special Term had jurisdiction to regulate their custody regardless of the fact that their domicile might have been elsewhere. (*Finlay* v. *Finlay*, 240 N. Y. 429, 431; see, also, *People ex rel. Herzog* v. *Morgan*, 287 N. Y. 317; *Ansorge* v. *Armour*, 267 N. Y. 492; *Matter of Hubbard*, 82 N. Y. 90, 93, and *Matter of Forbell* v. *Forbell*, 276 App. Div. 785.) It has not been found that respondent removed the children from Illinois purely in an attempt to establish a foundation for the institution of a custody proceeding in this State. The Illinois order was not entitled to full faith and credit since it was not a final determination (*Brinkley* v. *Brinkley*, 50 N. Y. 184, 202; *People ex rel. Feutress* v. *Somma*, 127 N. Y. S. 2d 169, 176; *People ex rel. Multer* v. *Multer*, 107 Misc. 58, 62; 3 Freeman on Judgments [5th ed.], § 1391) and, even if it had been a final determination, it concerned custody of children (see *May* v. *Anderson*, 345 U. S. 528; cf. *Matter of Guyette* v. *Haley*, 286 App. Div. 451; *Kallet* v. *Fitzpatrick*, 131 N. Y. S. 2d 9; *Swope* v. *Swope*, 163 Ohio St. 59, and *Hopson* v. *Hopson*, 221 F. 2d 839). In a proceeding such as this, the court is primarily concerned with the best interests of the children and does not undertake to adjudicate private disputes between the parents. (*Finlay* v. *Finlay, supra,* p. 434.) Nevertheless, " the past conduct of the parents, the unwillingness of one or both to carry out their marital obligations are factors which may not be disregarded in determining which parent will provide the better home." (*Harrington* v. *Harrington*, 290 N. Y. 126, 130.) Further, " the natural right of the parent, certainly where it has not been forfeited by gross misconduct, is also an important factor in the determination of the question, and it may be, perhaps, that the interests of the child in a broad sense embrace the due observance of such right." (*Lester* v. *Lester*, 178 App. Div. 205, 223, affd. 222 N. Y. 546.) However, despite a mother's leaving the family household, it may be that the age and condition of the children " require a mother's care." (*Ullman* v. *Ullman*, 151 App. Div. 419, 424.) The evidence indicates that the parties might have had a continued and happier life together, thereby affording their children the advantages of an unbroken home, had their home been located more distantly from that of appellant's parents, and had there been less intervention in their lives and those of the children by the parents of both parties.

As the situation now stands, with appellant's place of livelihood in Niantic, which is about 900 miles from Staten Island, the limited provisions which Special Term made for visitation of the children by appellant are of virtually no real value to the children. The provisions are that appellant may not remove the children from this State; he must "return them to their home by their usual time for retiring", and the "visits shall not interfere with the schooling, church attendance and usual routine of the children". Under such circumstances the children would be reared with little knowledge of their father and without the benefit of his love, guidance and companionship. Therefore we have provided for modification of the order so that appellant may have custody of the two older children during July and August of each year, and custody of the third child during the same months of each year when said child becomes six years of age, in addition to the visitation rights set forth in the order. Further relief to appellant might be granted were it not for the fact that we deem it in the best interests of the children to keep them together, and were it not for the further fact that there is no substitute for a mother's loving care. The record indicates that respondent has been a good mother. We cannot condone the conduct of the respondent, however, in her willful action in breaking up the home which has deprived her children of the love and guidance of a good father and faithful husband. Stubborn adherence to her own decisions does not evince the spirit of sacrifice so necessary on the part of a spouse, especially where it means that a dutiful father, regardless of alleged shortcomings, is deprived of the normal companionship of his off-spring. It is to be kept in mind that the court may modify the provisions as to custody as the children grow older. Nolan, P. J., Beldock and Murphy, JJ., concur; Wenzel, J., dissents and votes to reverse the order, to sustain the writ and to award custody of the three children to appellant, with proper visitation rights to the respondent, with the following memorandum: While I am appreciative of the fact that in its earlier years a child's interests are best served by maternal care and custody, there are considerations beyond the mere physical well-being of these children. They are also entitled to the tutelage and companionship of a father. This respondent, for reasons she either cannot or will not state, seeks to deprive her children of this natural right. Unfortunately, it is not unusual for separated couples to vent their spleen upon each other through the medium of their children, but I doubt that a mother who can so far forget her children's ultimate welfare would, through her guardianship, promote the mental and spiritual welfare of her offspring, which is, in my opinion, of paramount importance. I am further opposed to shuttling children back and forth between parents. It is my experience that such a situation is a most unfortunate one for the children involved. Ughetta J., concurs with Wenzel, J. Settle order on five days' notice. [See 2 A D 2d 692.]