■ JUDITH M. DINTRUFF, Appellant, v. PATRICK McGREEVY, Respondent.— Appeal from an order of the Supreme Court, St. Lawrence County, which modified a judgment of divorce that had awarded the custody of the parties' minor male children to the appellant. Prior to this proceeding the custody of the minor children, then aged 13 and 8, had been established with the appellant pursuant to a separation agreement incorporated into their 1970 decree of divorce. In June of 1972 both boys went to spend the summer with the respondent pursuant to the prior agreement and have remained with him thereafter in contravention of such agreement. The instant litigation ensued. Custody once legally established will not be changed unless a change in circumstances can be shown to warrant renewed consideration (e.g., *People ex rel. Hinckley* v. *Hinckley*, 31 A D 2d 740). As we said in *Matter of Rodolfo " CC "* v. *Susan " CC "* (37 A D 2d 657) : " Custody should be established on a long term basis whenever possible (*Matter of Wout* v. *Wout*, 32 A D 2d 709, 710; *Matter of Lang* v. *Lang*, [9 A D 2d 401] *supra*, p. 409) and changes in established custody made only on the demonstration of a sufficient change in circumstances to show a real need to effect a change to insure the welfare of the child." Such, in our opinion, is not the case here. In the instant case, it is evident that the parties, who have both remarried, would probably both be more than suitable parents and well capable of properly providing for and bringing up the children. Both are of good character and have good homes. There are, thus, no circumstances which would warrant a change in the custody of the children and the decision of Special Term must be reversed on this issue. We can find presented, however, no basis to disturb Special Term's discretion

in ordering that both parties should bear their own legal expenses (Domestic Relations Law, § 237, subd. [b]). Order modified, on the law and the facts, so as to reverse so much thereof as awarded custody of the two minor children to the respondent and, as so modified, affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.