Lawrence E. Kahn, J.
In this proceeding brought by defendant movant’s order to show cause, application has been made for a modification of custody. The custody of the three infant children of the marriage was awarded to plaintiff-respondent in an uncontested divorce proceeding brought before the Honorable Edward S. Conway, Justice of the Supreme Court. The said divorce decree, defendant movant’s Exhibit A in evidence, was entered on February 20, 1973 and ordered that respondent have "full and complete custody of the three children of the marriage” and further ordered that movant have "reasonable rights of visitation.” In this proceeding, movant was the only witness testifying on her behalf. At the close of her proof, the respondent moved to dismiss movant’s show cause order on the grounds that there was a lack of proof and insufficient evidence as a matter of law to modify the judgment awarding custody to respondent. No evidence was offered on behalf of respondent’s case.
Movant testified that her marriage to respondent was arranged by her family in Lebanon and that she was unable to cope with her marriage to respondent because of her youth, her strangeness to our country and her sudden and overwhelming responsibilities as a wife and as a mother of three infant children. She further testified that she voluntarily left the respondent and thereafter agreed to a termination of their marriage. She defaulted in the divorce proceeding brought against her by her husband, the respondent herein and further signed a statement, respondent’s Exhibit 1 in evidence, in which she agreed that the three children of their marriage should reside with and be in the custody of the respondent. Movant was fully aware of her actions at that time. She then married her present husband shortly after her divorce from respondent. The respondent married his present wife on March 22, 1975.
The court finds no reason to question movant’s motivation for defaulting, in the divorce action against her in February 20, 1973 nor does this court doubt that movant loves her three children herein. However, in order to modify the existing custodial order, the movant has the burden of proof to establish that there is a sufficient change in circumstances to warrant a modification in the decree awarding custody. (Dintruff v McGreevy, 42 AD2d 809.) By change of circumstances, it is not enough to show merely that certain changes occurred but it must be shown that the change of circumstances is of *81 such a nature that a custodial change is necessary in the best interests and welfare of the children.
Generally speaking, custody should be established on a long-term basis in order to assure a stable and secure family life for infant children unless there is sufficient proof to establish a change in circumstances which create a real need to alter the custodial arrangement to insure the welfare of the children. (CC v CC, 37 AD2d 657); Wout v Wout, 32 AD2d 709; Dintruff v McGreevy, supra.)
Movant notes that respondent has recently remarried and that his new wife has an infant daughter. Movant further notes that this new family situation is detrimental to the best interests of her three children in that the stepmother will favor her own natural child over movant’s children. Such an implication is merely speculative and has no basis in facts which are before the court. There has been no proof to support such an inference and while such new family relationships do constitute changed circumstances, they do not warrant a change in custody without direct proof as to their harmful effect on the best interests and welfare of the three infant children of respondent and movant. As the New York Court of Appeals stated in its affirmance of the Dintruff case, "The subjective changes in the children or the objective changes in the family relationships should not be followed automatically by changes in custody.” (Dintruff v McGreevy, 34 NY2d 887, 888.)
In the instant case, there has been no showing by movant that there has been any change of circumstances which would warrant a modification of the custodial provision set forth in the divorce decree. While this court does not question the fitness of movant to properly care for her three infant children or to provide a suitable and loving home for said infants, this in itself does not constitute grounds to modify custody. There must be a showing that the respondent is not fit to properly care for the infant children and that the changed circumstances are such that it would be adverse to the best interests and welfare of said children for them to remain with respondent. Such proof was not adduced in this proceeding. In fact, the movant testified with all candor that respondent is a good father and is loved by the three infant children herein. Moreover, the movant has full-time employment as a hairdresser and thus stands in the same position as respondent as to the time available for caring for the infant children.
*82 The movant, in a memorandum of law submitted in her behalf, urges this court to recognize a presumption at law that maternal custody is favored. In support of this contention, movant cites People ex rel. Himber v Himber (136 NYS2d 456). In this case, the court stated (p 458) that "when it becomes necessary to make a choice between mother and father it is to the child’s best interest and welfare to be brought up and reared by his mother, particularly when the child prefers being with the mother.” This same court further noted (p 458) that "the law of nature requires that the child should be reared by its mother, the one who has borne the agony of childbirth, and upon whom has fallen the care and vigil and trouble of nurturing and caring for her offspring.” Movant further cites People ex rel. Pritchett v Pritchett (1 AD2d 1009) and Ullman v Ullman (151 App Div 419) in support of this contention. In the Pritchett case, the court noted (p 1010) that "the age and condition of the children 'require a mother’s care’ ”. In the Ullman case, the court stated (pp 424-425) that a child "at tender age is entitled to have such care, love and discipline as only a good and devoted mother can usually give.”
While there is a widely held belief that a mother is favored over a father in a legal custody proceeding, the mere sex of a parent in itself has never constituted legal ground for awarding or changing custody. In fact, at common law, the father had the superior right for custody of the child. However, section 81 of the Domestic Relations Law now provides that "a married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them.” Further, section 70 of the Domestic Relations Law regarding habeas corpus proceedings states that in all cases concerning custody, natural guardianship or charge of an infant child, "there shall be no prima facie right to the custody of the child in either parent, but the court shall determine solely what is for the best interest of the child, and what will best promote its welfare and happiness”.
This court recognizes the uniqueness of a mother’s love; however it cannot favor the maternal relationship over the paternal relationship without the consideration of many other circumstances such as the age and sex of the children, the time available to either parent to care for the children, the contrasting home environments, the mental and physical *83 condition of the parents and all other circumstances which could affect the best interests and well being of the children. When seen in the light of such other factors, the sex of a parent may well become relevant, but standing alone, it is not.
Thus, in the Himber case cited by movant, the court after stating its preference in favor of the mother, noted that the 10-year-old infant in said case explicitly preferred to reside with his mother and had been mistreated by his father. Such factors, apart from the sex of a parent, could well have guided the court in reaching its determination. Likewise, in both the Pritchett and Ullman cases cited by movant, there were many relevant factors which compelled a custodial decision in favor of the mother apart from the single issue of the sex of the parent.
Accordingly, the motion to dismiss movant’s order to show cause is hereby granted insofar as it relates to the custody of said infant children.
The movant also sought "further relief as to the Court may be just and proper.” In this regard, the court notes that there was some testimony by movant as to her inability to visit with her infant children at all times requested. No testimony was offered by respondent as to this issue of visitation although the court does note that respondent has attempted to be reasonable in permitting movant to visit the said children.
By the terms of the divorce decree, movant is entitled to "reasonable visitation.” In order to avoid potential conflict in this area, the court finds that it would be in the best interest of the children to set forth the following specific times of visitation in order to more clearly define the rights of the parties herein: The movant shall have the right to visit with her three infant children on alternate legal holidays; for a three-hour period from 4:00 p.m. to 7:00 p.m. on each of their respective birthdays; for a six-day period during the Christmas vacation commencing on Christmas Day, December 25 at 2:00 p.m. through December 30 at 6:00 p.m.; for a two-week period during the summer vacation upon 30 days’ notice of said two-week period by movant; on each weekend from Saturday at 4:00 p.m. through Sunday at 7:30 p.m.; and at other times mutually agreed upon between the parties.
The specific purpose of such visitation is to guarantee to the said infant children herein a full opportunity to have the continued love of movant which is so necessary for their well being.