A.M., two police officers, while on routine patrol, noticed a disturbance in front of a building located in Brooklyn. As they entered the lobby of the building with the intention of telling the individuals inside to quiet down, the door of an apartment on their left opened up and an unidentified male was pushed out of the doorway by the defendant. The defendant was standing in the open doorway holding what appeared to the officers to be a gun. From their vantage point in the lobby, the officers were also able to observe what appeared to them to be vials of crack cocaine on top of a table two to three feet inside the apartment. The defendant was then arrested inside the apartment. The police recovered 84 vials of crack cocaine, approximately 100 additional empty vials, and United States currency. The defendant contends that the court improperly credited the testimony of the police officers and should have granted suppression of the physical evidence recovered in the apartment. We disagree.

Although there are minor inconsistencies in the testimony of the police officers, the hearing court's resolution of issues of credibility is entitled to great weight on appeal and will not be disturbed here since it is supported by the record (see, People v Prochillo, 41 NY2d 759; People v Smith, 182 AD2d 786). The evidence, which was properly credited by the court, was sufficient to establish that the police had probable cause to arrest the defendant and to seize the contraband without first securing a search warrant (see, People v Clements, 37 NY2d 675, cert denied sub nom. Metzger v New York, 425 US 911). Accordingly, suppression was properly denied. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.

(June 15, 1992)

■ B., Respondent, v B., Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 15, 1987, the defendant father appeals from an order of the Supreme Court, Queens County (Hyman, J.H.O.), entered January 29, 1991 which denied his application to expand his visitation rights with the parties' son.

Ordered that the order is affirmed, with costs.

The parties were married on December 4, 1977, and divorced pursuant to a judgment dated April 15, 1987. They have one child, born August 9, 1984, who is the subject of this proceeding. The judgment of divorce awarded custody of the child to the mother and established a visitation schedule for

the father. That schedule was subsequently modified and the father is presently entitled to visitation (a) every Saturday from 9:00 A.M. until 8:30 P.M., (b) from the eve of religious holidays until 8:30 P.M. (when there is no school for the child the following day), (c) various religious holidays, (d) alternate legal holidays, (e) the child's birthday in alternate years, (f) Father's Day, and (g) the father's birthday. The father moved for an order expanding this visitation schedule to provide for overnight visitation. The mother opposed any modification based upon, *inter alia,* her belief that the father was not an appropriate role model for the young child as evidenced by the father's history of cross-dressing. After a full and complete hearing where both parents, the father's present wife, an Orthodox Rabbi, two psychologists, and a psychiatrist testified, the hearing court denied the father's application. We affirm.

Any custody or visitation determination depends heavily upon the court's assessment of the credibility of the witnesses and of the character and temperament of the parents, and, therefore, the findings of the trial court are generally accorded the greatest respect *(Eschbach v Eschbach,* 56 NY2d 167; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). Moreover, where there is a conflict in the evidence, this court accords deference to the hearing court which has seen and evaluated the evidence firsthand *(see, Matter of Thomas S. v Kathleen Z.,* 149 AD2d 599, 600). The record here contains contradictory testimony from the parties and their witnesses regarding the duration and extent of the father's cross-dressing activities. Although the Supreme Court improperly relied on hearsay evidence concerning the then five-year-old child's preferences in making its determination, we conclude that the decision not to expand visitation so as to include overnight stays with the father by this impressionable child has a sound and substantial basis in the record and that, at this point, the visitation schedule should not be changed *(see, Alfano v Alfano,* 151 AD2d 530, 531). Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.

■ LILLIAN BUKOFF et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.— In a proceeding pursuant to General Municipal Law § 50-e, the Manhattan and Bronx Surface Transit Operating Authority appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated June 14, 1990, which, upon granting the petitioners' application for leave to serve a late