■ BARBARA CARR, Respondent, v BRIAN CARR, Appellant.— In a matrimonial action in which the parties were divorced by a judgment entered May 30, 1989, the husband appeals from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered June 3, 1992, as granted the plaintiff wife's motion to alter his visitation rights.

Ordered that the order is affirmed insofar as appealed from with costs.

The overarching factor with respect to custody and visitation issues is the best interests of the child *(see, Hemphill v Hemphill,* 169 AD2d 29, 32). Any custody or visitation determination relies heavily upon the court's assessment of the credibility of the witnesses and the character and temperament of the parents *(see, B. v B.,* 184 AD2d 609). Accordingly, the findings of the trial court are generally accorded great respect on appeal *(see, Eschbach v Eschbach,* 56 NY2d 167, 173).

Here, after a full trial, the Supreme Court, in the judgment of divorce, determined that the best interests of the children permitted the husband visitation on alternate weekends. This Court modified the judgment to hold that the husband should have visitation rights "on three weekends per month until the end of 1993, when the wife is expected to return to full-time employment" *(Carr v Carr,* 171 AD2d 776, 777). Since the wife has now returned to full-time employment, the Supreme Court's determination to put the alternate weekend visitation schedule back into effect has a sound and substantial evidentiary basis which wholly conforms with the sum and substance of this Court's prior order. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.