■ In the Matter of REGINA HARAN-BUCKNER, Respondent, v THOMAS BUCKNER, Appellant.—Mikoll, J. P. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered October 4, 1991, which, *inter alia,* granted petitioner's

application, in a proceeding pursuant to Family Court Act article 6, for custody of Sarah Buckner.

The issue herein is whether Family Court erred in awarding sole custody of the parties' daughter, Sarah, to petitioner and in decreasing respondent's right of visitation. Petitioner and respondent were married in 1977. Sarah was born January 11, 1980. In April 1987 the parties separated. Sarah continued to live with petitioner. The parties worked out a visitation schedule whereby respondent had visitation with Sarah during the school year on the first, third and, where applicable, fifth weekends of each month. Respondent also had visitation during one half of Sarah's summer vacation time and on alternate holidays. This arrangement worked well with both parties acting civilly toward each other and with obvious concern for Sarah.

Based on perceived difficulties with the structured visitation plan which interfered with Sarah's outside activities and petitioner's own plans for the family, petitioner commenced this proceeding for sole custody and a court-ordered visitation schedule. Respondent answered and cross-petitioned for joint custody. Family Court awarded sole custody of Sarah to petitioner and decreased respondent's visitation to one weekend a month during the school year, two weeks during the summer, with a possible third week if the parties and Sarah agreed. Family Court found that the extensive visitation rights with respondent deprived Sarah of other advantages available in the Oneonta area where she resides with petitioner and was contrary to her best interest. The court found a minimum amount of animosity between the parties, but determined that the disagreements between them as to visitation required that joint custody not be awarded to respondent.

Respondent urges on this appeal that Family Court's decision is not supported by a sound and substantial basis in the record in that curtailment of his rights to visitation and denial of his request for joint custody is not based on any acceptable articulated rationale. Primary consideration in any custody matter is the best interest of the child (see, Domestic Relations Law § 240 [1]; see, e.g., Matter of Rozelle v Rozelle, 184 AD2d 973). In determining what is in the child's best interest, each parent's stability, fitness, home environment, financial standing, ability to guide the child's development and past performance should be considered. A change in an established custody arrangement should be allowed only upon a showing of a sufficient change in circumstances which show a real need to effect a change in order to insure the best

interest and welfare of the child *(Dintruff v McGreevy,* 42 AD2d 809, *affd* 34 NY2d 887). A joint custody arrangement is appropriate only in those instances involving relatively stable parents who act in a mature and civilized manner *(Matter of Sooy v Sooy,* 101 AD2d 287, 288, *affd sub nom. Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946).

The record discloses that petitioner and respondent are intelligent, concerned and loving parents. Each appreciates Sarah's need for the support and security of both parents. Petitioner acknowledged that Sarah values her relationship with respondent greatly and that she is precocious, happy and developing very well. The parties have generally acted to benefit the best interest of their child. Minor differences have recently appeared because of Sarah's interest in pursuing other activities which conflict with the visitation schedule with respondent and, in some cases, petitioner's own plans for her and Sarah.

It is settled that visitation is a joint right of the noncustodial parent and child absent exceptional circumstances inimical to the child's welfare *(Weiss v Weiss,* 52 NY2d 170, 175). In order for visitation to be meaningful, it must be frequent and regular *(see, Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938).

We are of the view that Family Court's order lacks a substantial basis and should be modified. The circumstances indicate that joint custody is appropriate here with primary physical custody to remain with petitioner. The parties have been able, with minor exceptions, to make the important decisions affecting Sarah. Sarah is developing well and has a good rapport with both of her parents.

As to visitation, the schedule set by the parties gives respondent meaningful time with Sarah. It is in Sarah's best interest to maintain such a relationship and it should be encouraged. We would thus continue the visitation that was agreed upon by the parties prior to this proceeding and which has worked successfully, and modify it only to the extent of permitting for some elasticity to allow for Sarah's participation in valuable extracurricular activities. Thus, petitioner may elect upon two weeks' notice to respondent to change a weekend visitation with respondent and substitute therefor one of her two remaining weekends.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted peti-

tioner's application for sole custody and limited respondent's visitation; joint custody granted to petitioner and respondent, with primary physical custody in petitioner, respondent's visitation is to include the first, third and, where applicable, fifth weekends each month during the school year, except that upon two weeks' notice to respondent petitioner may substitute one of her two weekends, one half of Sarah's summer vacation and alternate holidays; and, as so modified, affirmed.