■ In the Matter of WILLIAM C. DEHLMAN, Respondent, v LINDA D. WHITE, Appellant. [602 NYS2d 435] —Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered March 11, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify petitioner's visitation with his child.

Pursuant to their joint custody arrangement, the parties agreed that respondent would have primary physical custody of their daughter and petitioner was to enjoy reasonable visitation. Prior to petitioner's application for increased visitation, the child was visiting with petitioner one weekend per month. After a full hearing held in February 1992, Family Court awarded visitation on, inter alia, alternate weekends, a schedule which petitioner had been enjoying since an October 1991 temporary order. Respondent argues that this increased visitation schedule is against the child's best interest. We disagree.

Absent exceptional circumstances, a parent may not be deprived of his or her natural right to meaningful visitation with a child *(Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Haran-Buckner v Buckner,* 188 AD2d 705, 707; *Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938). In order for the noncustodial parent and child to have a more meaningful interaction, visitation should be frequent and regular *(see, Matter of Haran-Buckner v Buckner, supra,* at 707; *Persaud v Persaud,* 170 AD2d 763, 765; *Daghir v Daghir, supra,* at 194). Respondent's main argument against the increased visitation is her opinion that petitioner inappropriately dresses the child and that she returns with her hair uncombed. Initially, we note that this has apparently occurred on only two occasions. More significant is the fact that respondent has never mentioned her concern in this regard to petitioner and, in fact, respondent is the one who provides petitioner with the clothes for their daughter to wear while she is visiting with him. Not only is there no evidence that the visitation is in any way harmful to the child's welfare, but it appears that the increased visitation schedule has worked quite successfully for the four months prior to the hearing. Respondent's remaining contentions involve the assessment of witness credibility by Family Court, whose findings are accorded great deference and will not be disturbed in this case *(see, B. v B.,* 184 AD2d 609, 610).

Yesawich Jr., J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.