■ In the Matter of DANA M. RISMAN, Appellant, v RICHARD LINKE, JR., Respondent. [652 NYS2d 832] —Peters, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered February 13, 1996, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, to modify the child custody provisions of the parties' divorce judgment.

The parties herein, parents of two boys born in 1983 and 1984, agreed to joint legal custody with shared physical custody upon their separation in 1990, later formalized by an order of Family Court entered December 16, 1991. Notwithstanding an acrimonious divorce action commencing in February 1992, the parties stipulated to incorporate the order of Family Court into their judgment of divorce which was entered September 24, 1992.

While the record reflects that the parties had always communicated and interacted poorly, the weekly transfer of physical custody was generally conducted without incident. However, after respondent interfered with petitioner's attempt to have telephonic communication with the children, she filed a violation petition. Respondent thereafter cross-petitioned for sole custody alleging that petitioner's actions rendered it impossible to continue with joint legal and physical custody. However, the gravamen of such petition was respondent's contention that petitioner had no legitimate reason to deny his request for an uninterrupted two-week block over the summer so that he could vacation with the children. After withdrawal of the violation petition, Family Court held a hearing on the modification petition and found that there was a sufficient change of circumstances and that the best interests of these children warranted an award of sole legal custody to respondent and a continuation of the joint physical custody arrangement. Petitioner appeals.

We note, at the outset, that Family Court appropriately limited the proof to incidents which occurred between August 26, 1992, the date of the stipulation in Supreme Court, and May 12, 1993, the date of the petition, in evaluating whether there was a sufficient change in circumstances to warrant a modification of the prior order (*see, Matter of Alice A. v Joshua*

*B.*, 232 AD2d 777, 779). With such time frame in mind, petitioner contends that there was no evidentiary showing or related court finding supportive of the conclusion that there was a sufficient change in circumstances to warrant a modification of their long-standing joint custodial arrangement (*see, Matter of Irwin v Neyland*, 213 AD2d 773; *Matter of Haran-Buckner v Buckner*, 188 AD2d 705).

"[M]indful of the deference traditionally accorded [to] Family Court's findings" (*Matter of Brown v Skalwold*, 228 AD2d 749, 750), we must agree with petitioner that respondent failed to sustain his burden in demonstrating a sufficient change in circumstances during the relevant time frame (*see, Matter of Irwin v Neyland, supra; Matter of Haran-Buckner v Buckner, supra*). The record establishes that the parties' relationship was no more antagonistic during this period than it was at the time of the entry of the original order in December 1991.

In so finding, we need not address the remaining issues. We note, however, that based upon the testimony presented, the children are doing well academically and emotionally under the prior arrangement and simply seek the acrimony flowing from the ever-continuing divorce issues to cease. We hope the parties take heed of their advice.

Mercure, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.