◼ In the Matter of SUSAN DE BENEDETTO, Now Known as SUSAN ANDREWS, Respondent, v DANIEL DE BENEDETTO, Appellant. [666 NYS2d 348] —Crew III, J. P. Appeals (1) from an order of the Family Court of Saratoga County (Seibert, Jr., J.), entered January 29, 1996, which, in a proceeding pursuant to Family Court Act article 6, *inter alia*, denied respondent's application for modification of a prior order of custody and visitation, and (2) from an order of said court, entered June 25, 1996, which directed respondent to pay petitioner's counsel fees.

In June 1989, the parties entered into a separation agreement which provided, in relevant part, that the parties would have joint custody of their two minor children with primary physical custody to petitioner and specified visitation to respondent. The agreement further recited that the parties were to share responsibility for transporting the children to and from visitations and that respondent was to maintain health insurance for the children.

A dispute arose shortly thereafter with respect to custody and, by order dated October 10, 1990, Family Court (Ferradino, J.) ordered that petitioner have sole custody of the minor children. Family Court's order, which expressly superseded the separation agreement's custody and visitation provisions, established a detailed visitation schedule for respondent and continued the shared responsibility for transporting the children for visitations. Thereafter, by order dated March 8, 1991, Family Court modified its October 10, 1990 order and directed

that respondent provide all transportation to and from his visitations with the children.[1]

Respondent subsequently was granted a judgment of divorce, entered October 13, 1994, which incorporated but did not merge the separation agreement and provided that all prior Family Court orders were to be continued in full force and effect. The following day, respondent commenced the instant proceeding seeking, *inter alia*, additional monthly individual visitations with each child, shared transportation responsibilities, petitioner's provision of health insurance for the children and a psychiatric evaluation of the parties' son. Alternatively, respondent sought custody of the children.

During the course of the hearing that followed, at which petitioner and respondent appeared and testified, it was determined that the health insurance issue would be referred to a Hearing Examiner. As to the remaining issues, Family Court (Seibert, Jr., J.) granted petitioner's motion to dismiss, finding that respondent had failed to demonstrate any change in circumstances during the 24-hour period that elapsed between the entry of the divorce judgment and the commencement of this proceeding.[2] Petitioner's subsequent application for counsel fees was granted and these appeals by respondent ensued.

We affirm. Although the parties dispute the appropriate standard of review to be applied, this issue need not detain us, as a review of the record reveals that respondent's proof falls far short of establishing a basis for modification in any event.[3]

With respect to the transportation issue, the mere fact that petitioner has acquired a working vehicle does not, in our view,

---

**1.** Although not entirely clear from the record, it appears that respondent unsuccessfully sought to modify this order in December 1992.

**2.** Although this was the primary basis for Family Court's dismissal, a review of the bench decision makes clear that the court was of the view that regardless of the starting point for the court's inquiry, i.e., the October 1990 and March 1991 orders, the prior unsuccessful modification proceeding (December 1992) or date of entry of the judgment of divorce (October 1994), respondent had failed to tender sufficient proof to warrant modification.

**3.** In this regard, respondent argues that because he merely is attempting to modify two prior Family Court orders, dated October 10, 1990 and March 8, 1991, respectively, he need only demonstrate a substantial change in circumstances sufficient to warrant modification (*see, Matter of Urbach v Krouner*, 213 AD2d 833, 835). Petitioner, on the other hand, contending that respondent is actually seeking to modify a provision of the parties' separation agreement, incorporated but not merged in their divorce judgment, asserts that the relevant inquiry is whether respondent demonstrated an unanticipated and unreasonable change in circumstances (*see, Matter of Strack v Strack*, 225 AD2d 872, 873) during the 24-hour period that elapsed

compel modification of the previously ordered transportation arrangements, particularly given petitioner's testimony that shared transportation has proven to be quite problematic in the past. Nor are we persuaded that Family Court erred in declining to order individual visitations with each of the parties' minor children. Although the parties' son and daughter may have developed different interests, there is no indication that respondent has been deprived of meaningful access to the children. Indeed, the record reflects that petitioner has permitted respondent to participate in one-on-one events with the children, e.g., sporting events for the parties' son and dance competitions for the parties' daughter, when he has asked to do so. Further, based upon our review of the record as a whole, we cannot say that Family Court abused its discretion in concluding that whatever behavioral problems the parties' son may have experienced were not sufficiently troubling to warrant a court-ordered psychiatric evaluation. The record indicates that the child's "temper tantrums" occurred on only a few occasions—the most recent being approximately six months prior to the commencement of the hearing. Finally, we find no merit to respondent's argument that joint custody would be appropriate under the circumstances. Respondent's remaining contentions, including his assertion that Family Court erred in its award of counsel fees, have been examined and found to be lacking in merit.

White, Spain and Carpinello, JJ., concur.

Peters, J. (concurring). While the majority does not squarely address the standard of review which should have been applied by Family Court, I believe it necessary to articulate that Family Court appropriately limited its inquiry to events occurring between the entry of the divorce judgment and the commencement of this proceeding 24 hours later (*see, Matter of Risman v Linke*, 235 AD2d 861). Finding a failure to present evidence indicating a sufficient change in circumstances to warrant the modification of Supreme Court's order (*see, Matter of Krause v Krause*, 233 AD2d 697), I agree that we should decline to disturb the determination rendered. The remaining issues raised by respondent need not be addressed, other than to note that the contention that Family Court erred in its award of counsel fees is meritless.

Ordered that the orders are affirmed, without costs.

between entry of the judgment of divorce and the commencement of this proceeding (citing *Matter of Risman v Linke*, 235 AD2d 861).