■ In the Matter of WILLIAM G. TRIPP, Respondent, v SIOBHAN HINCKLEY, Appellant. [736 NYS2d 506] —Rose, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 5, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' children.

Pursuant to respondent's plan to form a family with her lesbian partner, petitioner agreed that he would donate his sperm to artificially inseminate respondent, and that respondent and her partner would be the children's custodial parents while petitioner and his gay partner would have regular contact with the children. Accordingly, respondent bore two children, one in 1994 and the other in 1996, and signed acknowledgments of paternity authorizing the entry of petitioner's name as father on each child's birth certificate (see, Public Health Law § 4135-b). After the second child's birth, the parties and their partners executed a "visitation agreement" providing that, inter alia, petitioner could visit with the children one day per week, one weekend per month, and one week during the summer.

Respondent and her partner later ended their relationship, leading petitioner to commence this proceeding seeking, inter alia, more frequent visitation. The parties stipulated to respondent's retention of physical custody of the children and petitioner's access to their school and medical records, and Family Court then heard undisputed testimony that petitioner has been consistently involved with the children since their births, the children want to have visitation with him and they enjoy their visits. Respondent conceded that the children love

petitioner, refer to him as Daddy and view him as their father. No concerns were raised about his parenting skills, and the Law Guardian supported the court-appointed psychologist's opinion that petitioner should have a more traditional, expanded schedule of visitation. Finding expanded visitation to be in the best interests of the children, Family Court granted petitioner visitation one evening per week, alternate weekends and holidays, and two weeks each summer. Respondent appeals, contending that petitioner is merely a sperm donor who should be restricted to the terms of the parties' written agreement. We cannot agree.

Respondent's claim that petitioner should not be treated as the children's parent is belied by the undisputed evidence of paternity and his regular contacts with the children since their births, as well as respondent's own testimony that the children view petitioner as their father and love him. As to the effect of the parties' written visitation agreement, we note that while the courts have recognized such agreements, they are not binding and will be enforced only when the prescribed visitation schedule is found to be in the best interests of the children (see, Martusewicz v Martusewicz, 217 AD2d 926, 927, lv denied 88 NY2d 801; Matter of Haran-Buckner v Buckner, 188 AD2d 705, 707). "It is fundamental that the best interests of the children are the paramount concern in determining a visitation schedule" (Matter of La Scola v Litz, 258 AD2d 792, 792, lv denied 93 NY2d 809), and visitation must be frequent and regular to be meaningful (see, Matter of Haran-Buckner v Buckner, supra, at 707; Matter of Dervay v Dervay, 111 AD2d 462, 463).

We also find no merit in respondent's claim that the circumstances here give rise to either a waiver or an estoppel precluding petitioner from obtaining increased visitation. As petitioner has been actively exercising the parental rights permitted under the agreement throughout the children's lives (compare, Matter of Thomas S. v Robin Y., 209 AD2d 298, appeal dismissed 86 NY2d 779), and the court-appointed professionals believe expanded visitation would be in the children's best interests, we find a sound and substantial basis in the record for the visitation ordered by Family Court (see, Matter of Donato v McLaughlin, 249 AD2d 859; Colley v Colley, 200 AD2d 839, 840).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.