■ SANDRA STECHEL, Appellant, v IRA STECHEL, Respondent. —In a matrimonial action in which the parties were divorced by judgment dated September 10, 1987, the plaintiff wife appeals (1) from an order of the Supreme Court, Kings County (Schneier, J.), entered November 4, 1987, which granted the defendant husband's motion to amend the stipulation and the judgment of divorce to allow weekly visitation with the par-

ties' infant issue, and (2) from so much of an order of the same court, entered December 18, 1987, as denied her cross motion to vacate the judgment of divorce.

Ordered that the order entered November 4, 1987 is affirmed; and it is further,

Ordered that the order entered December 18, 1987 is modified, on the law and as a matter of discretion, by adding a provision (1) directing the defendant to amend a real property transfer tax form with respect to the marital residence to show the value of the real property as $250,000, and (2) directing the plaintiff to execute the transfer tax form and thereafter to accept the deed to the subject real property; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the time for the defendant to supply the form and forward it to the plaintiff for execution is extended until 30 days after service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that upon the return of the executed form, the defendant is to tender, within 10 days, a deed to the subject real property for acceptance by the plaintiff; and it is further,

Ordered that the defendant is awarded one bill of costs.

Under the circumstances of this case we find that the Supreme Court's modification of the stipulation of settlement to permit the defendant increased visitation with the parties' infant children is in the best interests of the children and allows the defendant an opportunity to develop a meaningful nurturing relationship with them (see, Shed v Sofia, 70 NY2d 997; Weiss v Weiss, 52 NY2d 170; Twersky v Twersky, 103 AD2d 775; Daghir v Daghir, 82 AD2d 191, affd 56 NY2d 938).

The plaintiff further contends that the Supreme Court erred in denying her cross motion to vacate the judgment of divorce. The stipulation of settlement entered into between the parties stated, inter alia, that the defendant would transfer exclusive title in the marital residence to the plaintiff prior to the entry of the divorce judgment. Although the defendant tendered a deed to the plaintiff on at least two occasions, the plaintiff refused to accept delivery thereof, claiming inadequacy in the wording of the deed and in the value of the real property as stated in the real property transfer tax form.

Based upon our review of the record we reject the plaintiff's contention regarding the wording of the subject deed. Moreover, since the plaintiff indicated in open court that she would accept the deed and the defendant agreed to amend the real

property transfer tax form in accordance with the plaintiff's demand, we perceive no impediment to the transfer of the marital residence and consequently no reason to set aside the judgment of divorce.

Accordingly the parties are directed to complete the tax form and facilitate the transfer of the subject real property in accordance herewith. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.