■ In the Matter of KIM BOEDECKER-FREY, Appellant, v JUTTA BOEDECKER-FREY, Respondent. (And Another Related Proceeding.)—Casey, J. Appeals from two orders of the Family Court of Broome County (Ray, J.), entered August 21, 1990 and November 27, 1990, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, to modify the terms of custody of the parties' child.

Based upon the parties' stipulation after extensive negotiations, Family Court entered an order in August 1989 detailing the parties' custodial rights with regard to their seven-year-old daughter. Pursuant to the order, respondent was to have custody of the child during the school year on each Monday

after school until the following morning when he was to take her to school. Respondent was also to have custody of the child on alternate Wednesday evenings so that they could have dinner together. Less than a year after the order was entered, respondent was able to rearrange his work schedule so that he did not have to work on Tuesday evenings. Claiming that it was in the child's best interest, respondent sought to modify the order to give him custody of the child on Mondays and alternate Tuesday evenings, instead of Mondays and alternate Wednesday evenings. Respondent also sought to modify the order to require petitioner to contribute toward some of the holiday transportation costs and to require the parties to give 24-hour notification of medical and dental appointments for the child. Family Court dismissed the petition for modification and thereafter denied a motion for reargument. The court also dismissed a subsequent petition seeking the same relief as the initial petition.

Respondent contends that Family Court erred in failing to hold a hearing. According to respondent, his allegation that the proposed modification is in the child's best interest requires a hearing. Respondent bore the burden of demonstrating a sufficient change in circumstances to show a real need for the proposed change to insure the welfare of the child (see, Matter of Julian v Carey, 124 AD2d 318, 319). As the party seeking the change, respondent was required, at the very least, to make some evidentiary showing to warrant a hearing (see, David W. v Julia W., 158 AD2d 1, 7). We agree with Family Court that the rearrangement of respondent's work schedule to free up his Tuesday evenings is not a substantial change in circumstances. Although respondent asserts that the change from alternate Wednesday evenings to alternate Tuesdays would be less disruptive and, therefore, in the child's best interest, there is nothing in the record to suggest that the current visitation schedule, which was recently agreed upon by the parties after extensive negotiation, is having any adverse impact on the child's welfare. Respondent concedes that the requested change would have minimal impact on the child's present schedule and would result in little change in the time spent by the child with either party. Accepting respondent's factual allegations as true, they establish at best that the proposed modification might be more convenient for all involved, but there is nothing in the record to support respondent's conclusion that the modification is necessary to insure the child's best interest.

Turning to respondent's request to have petitioner contrib-

ute toward holiday transportation costs, the order, which is based upon the parties' agreement, contains no provision for such a contribution and respondent has offered no legal basis for adding such a provision. As to respondent's request concerning 24-hour notification of the child's medical and dental appointments, petitioner agrees that the health information provision in the order should be construed as containing a 24-hour notice requirement. Accordingly, there is no need to modify the order to specifically include such a requirement. Family Court's orders denying respondent's requests for relief should be affirmed.

Mahoney, P. J., Mikoll, Levine and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.