■ In the Matter of JULIANNE M. FARMER, Also Known as JULIANNE M. DERVAY, Petitioner, v ROBERT P. DERVAY, Respondent. RICHARD F. PLACE, Law Guardian, Appellant. [611 NYS2d 53] —White, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 28, 1993, which, in a proceeding pursuant to Family Court Act article 6, dismissed an application for modification of a prior custody order.

The Law Guardian for the parties' child brought this proceeding in the name of petitioner, the child's mother, seeking modification of a prior custody order by awarding physical custody of the child to petitioner, who now resides in Florida. Family Court dismissed the petition without a hearing.

The history of this proceeding shows that the parties were married in 1978 and divorced in 1984. A separation agreement, which was incorporated but not merged into the divorce decree, provided for joint custody of the parties' daughter, born in 1980, with principal physical custody to petitioner, subject to petitioner maintaining a residence within a 50-mile radius of the City of Binghamton, Broome County. Petitioner subsequently sought permission to relocate to Missouri with the child. This petition was denied by Family Court and affirmed by this Court, with a finding that petitioner had not established the requisite exceptional circumstances (see, Matter of Dervay v Dervay, 111 AD2d 462). Disregarding the order, petitioner moved to Missouri with the child but returned to Broome County in 1985 and filed a petition to regain physical custody. During the custody hearing, however, it appeared that petitioner intended to move back to Missouri with the child and, therefore, Family Court denied petitioner's request and continued joint legal custody, but awarded physical custody to respondent.

In February 1990, petitioner sought modification of the Family Court order, alleging that because the child was maturing into a young adolescent female there was a change of circumstances warranting modification. Respondent opposed the petition, a hearing was held and Family Court granted petitioner's application, finding that it was in the child's best interest to have the feminine companionship and guidance of her mother. The court thus awarded petitioner primary physical custody, with custody to respondent during holidays and summer vacation. This finding was reversed by this Court on

the ground that the necessary exceptional circumstances to justify an award of physical custody to petitioner had not been shown, and that although the child might benefit from maternal guidance, this alone was not sufficient to warrant a change of custody and out-of-State relocation *(Matter of Farmer v Dervay,* 174 AD2d 857, *lv dismissed* 78 NY2d 1041). In our decision, we noted that nothing in the record indicated that respondent was supplying anything other than a quality home environment for the child.

On this present application for modification of custody, the Law Guardian alleges that a change of circumstances has occurred since this Court's last decision, i.e., the child would be leaving grade school and entering the eighth grade in the fall of 1993. Also submitted with the modification application was an undated, one-page letter from the child, which the Law Guardian received in June 1993, requesting that she be allowed to live with petitioner and mentioning respondent's impending remarriage.

It is well established that in this State a geographical move of a child will not be allowed to effectively deprive a parent of regular access to said child *(Weiss v Weiss,* 52 NY2d 170; *Pasco v Nolen,* 154 AD2d 774; *Matter of Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875). In this case the contention that respondent may remarry and the child's desire to live with petitioner do not set forth the exceptional circumstances required to change the physical custody, particularly in view of a projected out-of-State relocation *(see, Eschbach v Eschbach,* 56 NY2d 167). Further, in view of the history of this case and the limited facts presented in the petition, Family Court was not required to conduct a hearing in this matter *(see, Boedecker-Frey v Boedecker-Frey,* 176 AD2d 392). Therefore, we find that the petition was properly dismissed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.