■ In the Matter of CHRISTINE M. ELLOR, Appellant, v ALBERT J. ELLOR, Respondent. [634 NYS2d 238] —Casey, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered September 7, 1994, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties to this proceeding were married in December 1981 and had one daughter, who was born in 1982. In 1987, petitioner moved to Ohio with her daughter but she was ultimately ordered by Family Court to return to New York. A full custody hearing was held, after which the parties were awarded joint legal custody of their daughter with primary

physical custody of the child awarded to respondent. This Court affirmed the custody order (*see, Matter of Ellor v Ellor*, 145 AD2d 773) and physical custody of the child remained with respondent by court order following the parties' divorce. Thereafter, in June 1994, petitioner commenced this modification proceeding pursuant to Family Court Act article 6 seeking sole legal and physical custody of the parties' child. Respondent opposed the petition and moved to dismiss the proceeding without a hearing. Following submission of legal memoranda by the parties, Family Court granted respondent's motion and also denied petitioner's request that a Law Guardian be assigned to represent the child. This appeal by petitioner followed.

We reject petitioner's contention that Family Court erred in failing to hold a hearing under the circumstances of this case. We agree with Family Court that petitioner failed to make a sufficient evidentiary showing of a change in circumstances to warrant a hearing (*see, David W. v Julia W.*, 158 AD2d 1, 7). As noted by Family Court, the principal allegations raised by petitioner concern her assertion that, due to respondent's remarriage, the parties' child feels resented by her stepmother and is consequently feeling unhappy and depressed and is suffering from headaches and nightmares.

Although petitioner attached a report from a psychologist who had one visit with the child eight months prior to petitioner's commencement of this proceeding, Family Court aptly noted that all of the child's alleged symptoms listed in the report are ones that *petitioner* reports as being experienced by her daughter, and the substance of the psychologist's report does not support the allegations in the petition. The report merely concludes that the child has adjusted well to living with respondent but she is likely experiencing some stress due to her father's remarriage. Assuming the child is experiencing some minor adjustment problems, this would be entirely understandable (*cf., Matter of Whitney v Whitney*, 162 AD2d 810, 811), and these allegations, along with claims like petitioner's assertion that respondent occasionally does not require the child to wear a seatbelt, do not indicate that a modification of custody might be required in order to insure the child's best interest (*see, Matter of Katz v Evans*, 199 AD2d 940; *Matter of Boedecker-Frey v Boedecker-Frey*, 176 AD2d 392, 393; *cf., Gusler v Gusler*, 183 AD2d 1070, 1071).

We have examined petitioner's remaining arguments, including her assertion that Family Court abused its discretion in failing to appoint a Law Guardian to represent the child, and find them to be unpersuasive under the circumstances presented herein.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.