■ In the Matter of JODY KRAUSE, Appellant, v MARK KRAUSE, Respondent. [650 NYS2d 328] —Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 7, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

In October 1994, during the course of a divorce proceeding between petitioner and respondent, Supreme Court issued a temporary order granting custody of the parties' three children to respondent with visitation to petitioner. That order subsequently was modified in December 1994 with regard to petitioner's visitation rights. On March 6, 1995, Supreme Court executed a judgment and decree of divorce which provided, *inter alia*, that "all issues of custody * * * are to continue to be pursuant to orders of the Supreme Court", with future issues of custody referred to Family Court. Approximately two weeks after execution of the aforesaid judgment and decree, petitioner filed a petition in Family Court seeking joint custody of two of the children and a determination that respondent is not the biological parent of the third child and that the best interests of that child will be served by being raised by petitioner. Respondent moved to dismiss and Family Court granted petitioner's motion for leave to amend the petition. An amended petition was then filed, which sought to modify Supreme Court's judgment with regard to custody. Family Court dismissed the amended petition without a hearing, and this appeal ensued.

Petitioner argues that Supreme Court's final judgment constituted a temporary custody determination and that petitioner was within her rights to seek an initial custody determination in Family Court without having to demonstrate a change in circumstances. We disagree. In December 1994, when Supreme Court granted petitioner's application for modification of its temporary order concerning custody and visitation, the court concluded by stating that its decision resolved all pending custody and visitation issues. In our view, such language constituted a final determination concerning custody and visitation, which later was incorporated in Supreme Court's judgment and decree of divorce.

We further reject petitioner's contention that Family Court erred in failing to hold an evidentiary hearing. Our review of the record reveals that petitioner failed to make a sufficient evidentiary showing of a change in circumstances to warrant such a hearing (*see, Matter of Regina YY. v Broome County Dept. of Social Servs.*, 221 AD2d 742).

Finally, we agree with Family Court that petitioner's paternity application did not warrant a hearing. It is sufficient to note that petitioner's pleading and testimony in Supreme Court represented that respondent was the father of their three children, and Supreme Court so found in its findings of facts and conclusions of law. Under the circumstances, petitioner is estopped from asserting the contrary in Family Court (*cf., Matter of James BB. v Debora AA.*, 202 AD2d 852).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.