■ In the Matter of VANESSA LOWE, Appellant, v HOWARD CRAWFORD, Respondent. [651 NYS2d 681] —Yesawich Jr., J. Appeal from an order of the Family Court of Ulster County (Traficanti, Jr., J.), entered January 22, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Shortly after the parties separated in late 1993, respondent petitioned for custody of their son, Kiaal, who was then nine years old, and was awarded temporary custody pending resolution of the petition. In August 1994, Family Court, implementing the parties' stipulation, ordered that respondent would be Kiaal's sole custodian and that petitioner—who apparently had substance abuse and mental health problems—would have visitation twice per week.

In June 1995, petitioner brought the instant application for sole custody of her son; an amended petition was filed several months later. Following a trial, at which each party testified, several other witnesses were called and Kiaal was interviewed by the court in camera, Family Court found that although petitioner had demonstrated changed circumstances sufficient to warrant considering whether altering custody would be in Kiaal's best interest, she had not shown that such a change would inure to his benefit. The petition was thereupon dismissed and this appeal ensued.

We affirm. The record amply supports Family Court's findings that Kiaal is thriving in the present custody/visitation arrangement—as evidenced by the facts that he is doing fairly well in school, is enjoying sports and the normal interaction with the other children in his father's household, and is reaping the benefits of a healthy relationship with both parents—and that the damage that might be caused by uprooting him from what has become an established family situation outweighs any advantage that might be gained from a change in custody. While the positive strides petitioner has made in overcoming her problems are indeed commendable, neither the change in her personal situation, nor the fact that she is

unemployed and therefore able to spend more time caring for Kiaal herself, without more, justifies disrupting the existing custody arrangement (*see, Matter of Scott v Scott*, 215 AD2d 893, 893-894, *lv denied* 86 NY2d 707; *Matter of Dacey v Dacey*, 214 AD2d 790, 792; *Matter of Bogert v Rickard*, 199 AD2d 587, 588-589).

Petitioner's remaining contentions have been considered and found meritless.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.