■ In the Matter of BRADLEY R. REESE, Appellant, v DENISE JONES, Respondent. [671 NYS2d 170] —Mikoll, J. P. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 17, 1997, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

The parties, never married to one another, are the parents of an eight-year-old son, Jordan, who has resided with respondent in the Albany area since birth. Petitioner has resided in Florida since the child's birth. Prior Family Court proceedings resulted in orders awarding custody to respondent and visitation to petitioner. The most recent substantive order, granted in September 1995, resulted from petitioner's application for increased visitation. The parties agreed to an expanded visitation schedule whereby petitioner would have weekend visitation in the Capital District with Jordan approximately every six weeks, or more frequently if petitioner's schedule permitted; one week every year from December 27 to January 2; the Thanksgiving holiday from Wednesday to Sunday in alternate years; one week during spring recess in alternate years; and one week in February identified as "President's week" in alternate years. In addition, the parties agreed to liberal, reasonable telephone contact, as to which petitioner testified that he calls his son every day.

The parties could not agree, however, upon two points: (1)

petitioner's request for a consecutive three-week period of visitation during the summer, and (2) visitation on Christmas day in alternate years. After a hearing held in September 1995 which was limited to these two aspects of petitioner's request, Family Court granted petitioner three weeks of summer visitation, two weeks of which would be consecutive, and ordered that Jordan would continue to spend Christmas Eve and Christmas Day with respondent as he has since birth. No appeal from that order was taken.

In August 1997, petitioner sought modification of the September 25, 1995 order so as to permit visitation with Jordan every Thanksgiving and on Christmas Eve/Christmas Day in alternate years. Upon respondent's motion Family Court dismissed the petition without prejudice, finding no change in circumstances to warrant a modification. The sole question on this appeal is the propriety of that dismissal.

We affirm. To prevail upon a petition seeking modification of visitation or custody, a petitioner must demonstrate a change in circumstances (Family Ct Act § 467 [b] [ii]; *see, Matter of Cinquemani v Guarino*, 243 AD2d 562) warranting modification of the visitation order to advance the best interest of the child (*see, Stechel v Stechel*, 144 AD2d 355, *see also, Matter of Titus v Guzzey*, 244 AD2d 684, *appeal dismissed* 91 NY2d 921). Without such a change in circumstances, there is no basis for modification and dismissal of a petition is warranted (*see, Matter of De Benedetto v De Benedetto*, 245 AD2d 834, 835; *Matter of Krause v Krause*, 233 AD2d 697; *Matter of Kruty v Manell*, 217 AD2d 724).

Here, petitioner alleged only generally that modification was appropriate based upon Jordan's age and the developing relationship with his father. As Family Court noted, the existing Thanksgiving visitation was stipulated to by the parties in 1995 and the issue of Christmas Day visitation was fully litigated during the hearing. The petition was properly dismissed for failure to allege a sufficient change in circumstances requiring modification in the best interest of the child. Petitioner's claim that the court's ruling was improperly based on religious considerations is wholly without merit.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.