■ In the Matter of THERESA GEROW, Appellant, v BETTY GEROW, Respondent. [682 NYS2d 481] —Crew III, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered February 3, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior visitation order.

Petitioner is the mother of two minor children, Justin (born in 1984) and Lonnie (born in 1987), who are in the custody of respondent, their paternal grandmother. By order dated September 23, 1997, petitioner was granted visitation with the children once a week with such visitations apparently to occur at respondent's home. Thereafter, on or about December 11, 1997, petitioner commenced the instant proceeding seeking unsupervised visitations with the children away from respondent's residence. Family Court declined to modify the then-existing visitation schedule but did order that petitioner be granted telephone access to the children two mornings per week. The court's order further provided that petitioner's boyfriend was not to be present during any visitations with the children and that petitioner submit to an alcohol and drug evaluation. This appeal by petitioner ensued.

Petitioner's primary contention on appeal is that Family Court erred in denying her application for unsupervised visitations with the children without conducting an evidentiary hearing. We cannot agree. As the party seeking modification, petitioner was required "to make a sufficient evidentiary showing of a change in circumstances to warrant such a hearing"

---

(*Matter of Krause v Krause*, 233 AD2d 697, 698). In our view, petitioner's conclusory and unsubstantiated assertion that "she is capable of unsupervised visitation outside of * * * respondent's home and in the presence of [her] boyfriend" falls far short of the evidentiary showing required to trigger a hearing on this issue.

Nor are we persuaded that petitioner was prejudiced by the absence of counsel. In this regard, we need note only that there is no evidence in the record that petitioner requested counsel during the course of her January 1998 appearance before Family Court (*compare, Matter of Emerson v Nickerson*, 205 AD2d 899), as she now contends on appeal, nor does our review of the record disclose that petitioner was prejudiced by the absence of counsel during such appearance. Accordingly, Family Court's order is affirmed.

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.