■ In the Matter of VANESSA LOWE, Appellant, v HOWARD C. CRAWFORD, Respondent. [695 NYS2d 772] —Yesawich Jr., J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered October 22, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

In 1993 the parties, parents of a minor child born in 1984, apparently separated and the following year entered into a stipulation (reduced to an order by Family Court [Traficanti, Jr., J.]) which granted respondent sole custody of the child and petitioner visitation. Thereafter, petitioner filed modification petitions seeking sole custody of the child. After a hearing on

the first petition, filed in 1995, Family Court (Traficanti, Jr., J.) denied petitioner's request and we affirmed (*Matter of Lowe v Crawford*, 234 AD2d 870, *lv denied* 89 NY2d 812). The second petition, filed in December 1997, asserting that changed circumstances impacting on the child's welfare were sufficient to warrant a hearing, was dismissed upon respondent's motion. In June 1998, petitioner again sought custody, alleging, *inter alia*, that respondent's home was overcrowded, that respondent was not the child's biological father and further that respondent did not provide the child with appropriate supervision. Family Court, concluding that the circumstances did not warrant a hearing, granted the Law Guardian's motion to dismiss the petition. Petitioner appeals.

Petitioner's only contention is that Family Court erred in dismissing her petition without first holding an evidentiary hearing. Being the party seeking modification, petitioner was obliged to (but has not made) "a sufficient evidentiary showing * * * to warrant such a hearing" (*Matter of Krause v Krause*, 233 AD2d 697, 698; *Matter of Regina YY. v Broome County Dept. of Social Servs.*, 221 AD2d 742). Her claim that respondent is not the child's biological father is belied by petitioner's previous sworn statement in a filiation proceeding that respondent was indeed the child's father. The other grounds underlying petitioner's claim, including an allegation of inappropriate advances made to the child by a female step-sibling, do not trigger a hearing, for they are either conclusory in nature, wholly unsubstantiated (*see generally, Matter of Gerow v Gerow*, 257 AD2d 718, 719) or have previously been considered and rejected.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.