■ In the Matter of CAROL C. CARNESE, Respondent, v WILLIAM C. WIEGERT, Appellant. [710 NYS2d 130] —Mugglin, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered April 20, 1999, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant

to Family Court Act article 6, for modification of a prior visitation order.

The parties to this proceeding were divorced in February 1997. Pursuant to that judgment, custody of the three children of the marriage, Joshua, born in 1980, Daniel, born in 1981, and Amanda, born in 1982, was awarded to petitioner and respondent was denied any rights of visitation pending a proper application therefor. The judgment of divorce also made permanent a prior temporary order of protection which prohibited respondent from contacting petitioner or the children for one year, which was the result of allegations of physical and emotional abuse. Shortly after the judgment of divorce was granted, respondent filed a number of petitions in Family Court seeking, *inter alia*, relief from the child support obligation on the ground that the children had abandoned him by refusing all visitation. When the matter was previously before us, we affirmed Family Court's dismissal of his petition seeking relief from the child support obligation (*see, Matter of Wiegert v Wiegert*, 267 AD2d 620).

In December 1997, petitioner filed a petition with Family Court seeking to hold respondent in violation of the order of child support, claiming arrearages of $1,584.47. In response, respondent filed petitions in Family Court seeking modification of the custody and visitation provisions of the judgment of divorce, recovery of a claimed overpayment of child support, and an order of protection against petitioner based upon allegations of disorderly conduct, harassment in the second degree and assault in the third degree. In January 1998, petitioner filed petitions with Family Court to enforce the order of protection and to modify the order of protection to extend the same for the maximum allowable period.

All of the foregoing petitions were heard by Family Court on November 10, 1998. Prior to the substantive portion of the hearing, Family Court dealt with two issues raised by respondent. First, pursuant to the request of respondent, he discharged his assigned counsel. Second, Family Court denied respondent's request for an adjournment based upon respondent's nonreceipt of judicial subpoenas which the court had promptly signed and returned. Family Court did, however, reserve decision on respondent's request for a continuance to obtain the attendance of the witnesses, stating that if a continuance was deemed necessary it would be incorporated in the decision. When the hearing began, petitioner withdrew her petition seeking to find respondent in violation of the order of child support but respondent refused to withdraw his petition

seeking recovery of the alleged overpayment. Finally, respondent objected to the subject matter jurisdiction of the court with respect to the enforcement petition based on his contention that the judgment of divorce did not specifically authorize Family Court to enforce the provisions of the decree.

Following the conclusion of the fact-finding hearing, at which respondent failed to offer any evidence, and after conducting separate interviews with the children, Family Court issued its decision (a) authorizing recapture of the overpayment of child support by a credit against future child support obligations, (b) denying respondent's objection to subject matter jurisdiction of Family Court, (c) denying respondent's petition with respect to modification of custody and visitation, and (d) extending the order of protection previously awarded to petitioner for a period of three years from February 18, 1997. Since respondent submitted no evidence in support of his petition seeking an order of protection against petitioner, the court dismissed that petition. Respondent now appeals.

Three issues are resolvable in summary fashion. First, the order of protection as extended by Family Court's decision expired on February 18, 2000, rendering moot that portion of this appeal which challenges its extension (see, Matter of Dean v Dean, 208 AD2d 1030; Matter of Jafri v Jafri, 203 AD2d 648, lv denied 84 NY2d 806). Second, we observe that two of the children have reached the age of majority during the pendency of these proceedings, thereby rendering any issue of modification of custody or visitation as to them moot (see, Domestic Relations Law § 2; Family Ct Act § 119 [c]; Palmer v Palmer, 223 AD2d 944; Glazer v Glazer, 190 AD2d 951, 954). Third, respondent has offered no factual or legal basis upon which this Court can conclude that Family Court lacked subject matter jurisdiction. The record before us does not contain the judgment of divorce. Thus, respondent failed to substantiate his contention that the judgment of divorce did not grant Family Court authority or jurisdiction to enforce or modify the decree. In the absence of such evidence, noting that the judgment of divorce was signed by the Family Court Judge as an acting Supreme Court Justice, Family Court undoubtedly had jurisdiction to entertain the petitions before it (see, Family Ct Act § 467 [b]; § 652 [b]; Matter of Michener v Metcalf, 99 AD2d 925).

Turning to the issues concerning custody and visitation of the only remaining minor child, Amanda, we find no reason to disturb Family Court's determination that no substantial change of circumstances occurred upon which to predicate any change in the custody and/or visitation provisions of the judg-

ment of divorce. It is well settled that, in the absence of a substantial change in circumstances, a previous order of custody and/or visitation may not be modified (*see, Matter of Fairbanks v Diehl*, 268 AD2d 867; *Matter of Juliano v Pollack*, 256 AD2d 668, *lv denied* 93 NY2d 803; *Matter of Reese v Jones*, 249 AD2d 676, 677). Accordingly, dismissal of respondent's petition was warranted (*see, Matter of De Benedetto v De Benedetto*, 245 AD2d 834, 835; *Matter of Krause v Krause*, 233 AD2d 697). Moreover, the record establishes that Amanda continues in her adamant desire to avoid any contact with respondent. While it is well settled that a child's wishes, standing alone, are not determinative (*see, e.g., Eschbach v Eschbach*, 56 NY2d 167, 173), Amanda's age and maturity make her wishes more meaningful and probative and they are entitled to significant deference in any determination (*see, Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 251; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117).

We have examined the balance of the contentions raised by respondent in his brief and find them to be without merit and unsupported by the record.

Crew III, J. P., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.