■ In the Matter of BRADLEY R. REESE, Appellant, v DENISE JONES, Respondent. [720 NYS2d 583] —Carpinello, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered March 5, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody/visitation.

The parties are the parents of a son, now 11 years old; petitioner resides in Florida and respondent resides in Albany County. The instant proceeding is the third attempt by petitioner to spend alternate Christmas eves and Christmas days with the child. The issue of where the child should spend this holiday was fully litigated in 1995. Following a hearing at that time, Family Court Ordered that the child spend Christmas eve and Christmas day with respondent every year and December 27 through January 2 with petitioner every year.

In August 1997, petitioner unsuccessfully sought to modify this specific provision, arguing at that time that a change in circumstances warranted modification of visitation (Matter of Reese v Jones, 249 AD2d 676). Specifically, petitioner claimed in the 1997 petition that a meaningful relationship continued to develop between himself and the child which necessitated more visitation on a regular basis, including this particular holiday. His argument in support of modification was expanded upon in two appearances before Family Court on September

10, 1997 and September 23, 1997, respectively. On those occasions, petitioner's counsel (who continues to represent him in this proceeding) argued that the change in circumstances necessitating modification included the child's increased age and geographical distance between the two and his client's right to partake in an important event in his child's life (Christmas). Petitioner's counsel further pointed out in those proceedings that petitioner was engaged to marry a Roman Catholic woman and lives near a church (petitioner is Jewish). In affirming Family Court's dismissal of the 1997 modification petition, we noted that petitioner's general allegations "that modification was appropriate based upon [the child's] age and developing relationship with his father" did not rise to the level of a sufficient change in circumstances requiring modification in the best interest of the child (*id.*, at 677).

A mere 18 months after filing the first modification petition, petitioner filed the instant modification petition seeking exactly the same relief on precisely the same grounds as before. For example, petitioner alleges as the current change in circumstances the child's increased age and purported "questioning" about not spending Christmas with petitioner, petitioner's developing relationship with the child, his engagement to a Roman Catholic woman who can take him to a church near his Florida home and the importance of Christmas in the child's life in which petitioner should be entitled to partake. Noting the lack of any difference between the arguments in support of the instant petition and those advanced in the proceeding seeking identical relief on the prior occasion and further noting the lack of any compelling argument as to why these same factors now constitute a change in circumstances when they did not 18 months earlier, we once again find that petitioner has failed to demonstrate a sufficient change in circumstances warranting a modification of visitation (*see, id.*). Moreover, since petitioner failed to make a sufficient evidentiary showing of a change in circumstances, Family Court did not err in dismissing the petition without a hearing (*see, e.g., Matter of Lowe v Crawford*, 265 AD2d 621, 622; *Matter of Gerow v Gerow*, 257 AD2d 718; *Matter of Krause v Krause*, 233 AD2d 697, 698), particularly given the court's previous involvement with these same parties and its intimate familiarity with the extremely limited issue presented in the petition, namely, their continuous dispute over where the child should be for the Christmas holiday (*see, Matter of Coutsoukis v Samora*, 265 AD2d 482; *Matter of Farmer v Dervay*, 203 AD2d 795, 796).

Peters, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.