■ Gregory Zindulka, Respondent, v Cathleen Zindulka, Now Known as Kitty Charde, Appellant. [726 NYS2d 173] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 7, 2000 in Ulster County, which, *inter alia*, denied defendant's motion to modify a judgment of divorce.

In early 1996, plaintiff commenced an action for divorce against defendant and, shortly thereafter, the parties entered into an oral stipulation in full and final settlement of the issues of custody and visitation of their three children (born in 1989, 1990 and 1992). After confusion arose as to whether the stipulation precluded defendant from relocating the children to New York City, defendant secured new counsel and filed an answer and a counterclaim seeking, *inter alia*, a divorce, primary physical custody of the children and permission to move the children to New York City where she could attend school and accept an employment offer. Supreme Court annulled the oral stipulation, based on a finding of unfairness related to the restriction on defendant's right to relocate.

Soon thereafter, the parties entered into a second stipulation of settlement (hereinafter the stipulation) which provided for, *inter alia*, mutual divorces and joint legal custody with primary physical custody to defendant. This stipulation specifically provides that neither party will relocate outside of Ulster County until the youngest child is 18 years old. That same day the parties executed a written opting-out agreement based on the stipulation which was made part of the record (*see*, Domestic Relations Law § 236 [B] [3]; *Lischynsky v Lischynsky*, 95 AD2d 111). On August 7, 1996, a judgment of divorce was entered incorporating—but not merging—the terms of the stipulation. The judgment specifically states that "[d]efendant shall not remove the [children] outside Ulster County until the youngest child shall have reached the age of eighteen (18) years."

Nevertheless, in May 2000, defendant moved to modify the judgment of divorce seeking to move the children to New York City. Plaintiff opposed defendant's motion arguing that her

right to move the children had been clearly addressed in the divorce action. Supreme Court denied the motion without a hearing on the ground that defendant's motion was essentially an attempt to vacate the express provision of the stipulation prohibiting relocation of the children, and finding that defendant presented no cognizable basis for vacating that portion of the judgment of divorce.

On defendant's appeal, we affirm. Defendant argues that Supreme Court misinterpreted her motion and that, since 1996, there has been a significant change in circumstances such that the best interests of the children require that the judgment of divorce be modified. Defendant also argues that by misconstruing the nature of her motion, Supreme Court deprived the children of legal representation.

This Court has routinely held that "in the absence of a substantial change in circumstances, a previous order of custody and/or visitation may not be modified" (*Matter of Carnese v Wiegert*, 273 AD2d 554, 557; *see, Matter of Crawson v Crawson*, 263 AD2d 656, 657; *Matter of Royea v Hutchings*, 260 AD2d 678, 679). Inasmuch as defendant fails to allege any substantial change in circumstances in her papers, we cannot say that Supreme Court's determination was an abuse of discretion. The first stipulation was vitiated upon defendant's claim that she was not aware that entering into this stipulation would prevent her from relocating to New York City, yet she subsequently entered into the second stipulation with an express and unmistakable relocation restriction. Defendant's motion *sub judice* confirms that she is employed at a job in New York City in the same field in which she sought to work in 1996. While pointing to the financial advantages of her working in New York City, she fails to allege any significant change in circumstances directly related to custody and visitation, instead relying on essentially the same grounds for modification as she did in her counterclaim in the divorce action.

Likewise without merit is defendant's argument that the children were deprived of legal representation on the motion. No arguments were presented warranting a hearing on the relocation of the children and the appointment of a Law Guardian is not mandatory in a custody proceeding (*see*, Family Ct Act §§ 241, 249; *Frizzell v Frizzell*, 177 AD2d 825, 826).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.