■ In the Matter of John M., Appellant, v Brenda M., Respondent. [730 NYS2d 744] —Rose, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered March 31, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of an order of protection.

Based upon a finding of sexual abuse, an order of protection was issued on January 12, 1998 against petitioner directing that he have no contact with his 5-year-old daughter until she is 18 years old unless petitioner demonstrates to Family Court that he has successfully completed an accredited sexual offenders' treatment program. On March 14, 2000, petitioner sought to modify the order of protection to permit supervised visitation. Family Court dismissed the petition because it failed to allege successful completion of a treatment program, and this appeal ensued.

Petitioner's assigned counsel seeks to be relieved of his assignment on the ground that no nonfrivolous appealable issues exist. Our review of the record and briefs submitted, including petitioner's *pro se* submission, leads us to the same conclusion. Inasmuch as the record discloses no basis to warrant a modification of the order of protection given petitioner's failure to allege any change in circumstance since the issuance of the protection order (*see, Reese v Jones*, 279 AD2d 939), we grant counsel's application to be relieved of his assignment (*see, Matter of Amber EE.*, 245 AD2d 895).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.

■ Louis Thompson, Appellant, v State of New York, Respondent. [730 NYS2d 745] —Spain, J. Appeal from an order of the Court of Claims (Bell, J.), entered April 11, 2000, which granted the State's motion to dismiss the claim.

Claimant's use of ordinary mail to serve the claim on the Attorney General was unauthorized (*see*, Court of Claims Act § 11 [a]) and was insufficient to acquire jurisdiction over the State (*see, Turley v State of New York*, 279 AD2d 819, *lv denied* 96 NY2d 708; *Philippe v State of New York*, 248 AD2d 827). The Court of Claims, therefore, correctly granted the State's motion to dismiss the claim based upon the affirmative defense of lack of personal jurisdiction asserted in the answer.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.