■ In the Matter of DAVID L. COOKE, Appellant, v DONALD MILLER et al., Respondents. [750 NYS2d 908] —Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 18, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

In April 2001, after a full hearing, Family Court awarded custody of petitioner's son (born in 1989) to respondents, the child's maternal grandparents. The court also granted petitioner, who was then in the Broome County jail pending disposition of certain criminal charges, visitation consisting of two telephone calls per week and unrestricted correspondence.

---

Contending, inter alia, that his February 2002 petition for modification of visitation was improperly dismissed without a hearing, petitioner appeals.

"This Court has routinely held that 'in the absence of a substantial change in circumstances, a previous order of custody and/or visitation may not be modified'" (*Zindulka v Zindulka*, 284 AD2d 631, 632, *lv dismissed* 96 NY2d 938, quoting *Matter of Carnese v Wiegert*, 273 AD2d 554, 557). Moreover, to warrant a hearing, the allegation of any such change must include facts reflecting a definite need for modification to ensure the best interest of the child (*see Matter of Bishop v Livingston*, 288 AD2d 703, 704; *Matter of Thompson v Thompson*, 267 AD2d 516, 517; *see also Matter of Ellor v Ellor*, 221 AD2d 886, 887). Here, petitioner alleged as a change in circumstances that he was incarcerated in a state correctional facility and had no visitation with his son. However, he failed to allege any reason why the change in the location of his incarceration prevented him from exercising visitation by telephone and correspondence as permitted by the earlier custody order. Thus, petitioner's allegation of no visitation was simply insufficient to trigger a hearing (*see Matter of Audrey K. v Carolyn L.*, 294 AD2d 624, 624-625).

Nor did Family Court err in failing to advise petitioner of his right to counsel or to appoint a Law Guardian for his son. The obligation to advise a party of his or her right to counsel arises upon the party's appearance in court (*see* Family Ct Act § 262), which did not occur here (*compare Matter of Wilson v Bennett*, 282 AD2d 933, 934). Finally, as the petition was dismissed for evidentiary insufficiency, Family Court did not abuse its discretion in failing to appoint a Law Guardian for the parties' child (*see* Family Ct Act § 249 [a]; *Zindulka v Zindulka, supra* at 632; *Matter of Ellor v Ellor, supra* at 887).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the order is affirmed, without costs.