■ Isaac Govan, Appellant, v State of New York, Respondent. (Claim No. 100451.) [753 NYS2d 230] —Spain, J. Appeal from an order of the Court of Claims (Bell, J.), entered March 5, 2001, which granted defendant's motion to dismiss the claim.

Claimant, an inmate at a state correctional facility, filed a claim and a notice of intention against defendant alleging breach of contract and unlawful retaliation in connection with his participation in a food service training program. The claim and notice of intention were served upon the Attorney General by ordinary mail. Following service of an answer which included, among other things, the assertion that claimant had failed to obtain personal jurisdiction over defendant, defendant moved to dismiss the claim on the ground that claimant did not comply with the service requirements of Court of Claims Act § 11. The Court of Claims granted the motion, resulting in this appeal.

Court of Claims Act § 11 (a) (i) provides that a copy of the claim and notice of intention "shall be served upon the attorney general within the times hereinbefore provided for filing with the clerk of the court either personally or by certified mail, return receipt requested." Here, it is undisputed that the claim and notice of intention were initially served by ordinary mail, not certified mail and, thus, did not comply with the above statutory provision. While claimant asserts that he resent the papers by certified mail at a later date, he failed to produce a return receipt before the Court of Claims. Such evidence, therefore, will not be considered on this appeal (*see Jackson v Dow Chem. Co.*, 295 AD2d 855, 857). As it is well settled that service by ordinary mail was insufficient to acquire personal jurisdiction over defendant (*see Thompson v State of New York*, 286 AD2d 831; *Turley v State of New York*, 279 AD2d 819, *lv denied* 96 NY2d 708), defendant's motion was properly granted.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.