In the Matter of DANA M. CRITZER, Appellant, v JOHN E. MANN, SR., et al., Respondents. [792 NYS2d 686]—

Crew III, J.P. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered February 24, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The children who are the subject of this proceeding were removed from their parents' home in August 2000 due to ongoing issues of alcohol abuse and domestic violence.* In May 2001, petitioner, the children's biological mother, consented to a finding of neglect, the children were placed in the custody of petitioner's cousin for a period of one year and petitioner was ordered to undergo and successfully complete certain preventive services. When illness subsequently prevented petitioner's cousin from continuing to care for the children, various family

---

* The violence in the household apparently had progressed to the point where petitioner's son, then six years old, stabbed his then three-year-old sister in the back with a pocket knife in January 2000 for having the temerity to change the television channel.

members sought custody. Ultimately, upon the parties' consent in September 2002, legal and physical custody of the children was awarded to respondents John E. Mann, Sr. and Patricia Mann, their paternal grandparents, and petitioner was granted supervised visitation on alternate weekends.

Following numerous court appearances and interim proceedings, Family Court, by order entered March 28, 2003, denied petitioner's request to modify the court's prior awards of custody and visitation. Shortly thereafter, in October 2003, petitioner commenced the instant proceeding, again seeking to obtain custody of the minor children, and the paternal grandparents moved to dismiss the petition based upon petitioner's failure to allege a sufficient change in circumstances. Family Court dismissed petitioner's application, finding that the conclusory allegations set forth in the petition were insufficient to trigger an evidentiary hearing. This appeal by petitioner ensued.

We affirm. "As the party seeking modification, petitioner was required 'to make a sufficient evidentiary showing of a change in circumstances to warrant [an evidentiary] hearing' " (*Matter of Gerow v Gerow*, 257 AD2d 718, 718 [1999], quoting *Matter of Krause v Krause*, 233 AD2d 697, 698 [1996]; *cf. Matter of Melissa FF.*, 285 AD2d 682, 683 [2001]). This petitioner failed to do. Even affording petitioner's pro se petition a liberal construction, the allegations contained therein—namely, petitioner's inability to visit with the children due to transportation difficulties, the grandparents' alleged failure to encourage correspondence between petitioner and the children, the fact that the children's father allegedly was residing, with his girlfriend, in the paternal grandparents' home and petitioner's subjective belief that she had successfully completed the court-ordered service requirements and was ready to resume custody of her children—fall far short of providing a basis for an evidentiary hearing (*see Matter of Gerow v Gerow, supra* at 719). Accordingly, we cannot say that Family Court erred in dismissing the petition on this ground. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.