■ RICHARD HEISLER, Respondent, v FRANCINE HEISLER, Appellant. [818 NYS2d 60]—

Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered April 11, 2005, which, to the extent appealed from as limited by the briefs, denied defendant's motion for immediate relocation of the parties' child to Maryland, unanimously reversed, on the law, without costs, and the matter remanded for a hearing on whether the proposed relocation would serve the child's best interests.

Contrary to the court's finding, the record indicates that defendant mother did in fact make out a prima facie case for relocation, warranting a hearing. At the outset, there was no reference in the court's decision regarding defendant's complaint about plaintiff father's noncompliance with the terms of their earlier stipulation regarding permanent custody and parenting time, and the record reflects that plaintiff has never addressed this issue. Furthermore, plaintiff's regular and meaningful contact with the child, while important, is not dispositive and should not be given disproportionate weight in mechanically predetermining the outcome of such a sensitive and complex matter (*see Matter of Tropea v Tropea*, 87 NY2d 727, 738 [1996]). Defendant's request is not automatically precluded by the prospect that plaintiff's midweek visitation will be jeopardized, since *Tropea* and its progeny have already established that such a change does not necessarily deny the noncustodial parent meaningful access to the child (*see id*. at 742). Moreover, defendant's motivation to return to her roots in Baltimore, approximately three hours away, where there is a family environment offering greater emotional and financial support for raising the child, should not be discounted (*cf. Salichs v James*, 268 AD2d 168 [2000]).

The cases on which plaintiff relies in opposing relocation are readily distinguishable. Many involved factors other than the distance to the new location, and in any event were decided following a hearing. In *Zindulka v Zindulka* (284 AD2d 631 [2001], *lv denied* 96 NY2d 938 [2001]), which was decided without a hearing, the movant failed to allege any substantial change in circumstances directly related to custody and visitation since expressly agreeing in a stipulation that relocation of the chil-

dren was prohibited. In contrast, such change in circumstances—namely, plaintiff's noncompliance with crucial aspects of the stipulation—is at issue here. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ.