■ Alvin Fulton Jr., Appellant, v State of New York, Respondent. [825 NYS2d 816]—

Rose, J. Appeal from an order of the Court of Claims (Collins, J.), entered March 21, 2006, which denied claimant's motion to, inter alia, vacate a prior order dismissing the claim.

Claimant attempted to bring a claim against defendant by serving defendant with a notice of intention to file a claim. Defendant rejected the notice of intention and returned it to claimant on the same day it was received on the basis that it was unverified. Claimant subsequently served upon defendant by regular mail a verified notice of intention to file a claim. He followed that with service of a claim, also by regular mail.

Defendant moved to dismiss the claim on the grounds that it was untimely and inappropriately served. Agreeing that the claim had been improperly served by regular mail, as opposed to the requisite certified mail, return receipt requested, the Court of Claims granted defendant's motion to dismiss due to lack of jurisdiction. Claimant thereafter moved to have that order vacated or, in the alternative, his notice of intention to file a claim treated as a claim pursuant to Court of Claims Act § 10 (8). The Court of Claims denied claimant's motion in its entirety, prompting this appeal.

We affirm. To begin with, although he appears to have now abandoned the argument, we note that claimant failed to set forth any basis whatsoever to vacate the prior order dismissing the claim as jurisdictionally defective. Accordingly, recognizing that the Court of Claims correctly ruled in the prior order that claimant's service of the claim via ordinary mail was a nullity (*see* Court of Claims Act § 11 [a] [i]; *Govan v State of New York*, 301 AD2d 757, 758 [2003], *lv denied* 99 NY2d 510 [2003]; *Thompson v State of New York*, 286 AD2d 831, 831 [2001]), the portion of claimant's motion which sought vacatur of said prior order was properly denied.

Turning to the alternative relief requested by claimant, his first notice of intention to file a claim was unverified and, as a result, was not in compliance with statutory requirements (*see* Court of Claims Act § 11 [b]). Similarly, claimant's second notice of intention to file a claim was invalid inasmuch as it was improperly served by regular mail (*see* Court of Claims Act § 11 [a] [i]). While a literal reading of Court of Claims Act § 10 (8) (a) would seem to indicate that, excepting other factors not relevant hereto, the relief sought by claimant is conditioned merely upon the timely service of a notice of intention, it is only logical that said timely service must be of an otherwise valid notice of intention, which was lacking in this case. Consequently, we find

no error in the denial of the part of claimant's motion which sought to have his notice of intention to file a claim treated as a claim.

Claimant's remaining contentions have been examined and found to be lacking in merit.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.