■ AMANDA S. RITZ, Appellant, v MICHAEL D. RITZ, Respondent. [829 NYS2d 27]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered August 2, 2006, which denied plaintiff mother's application to relocate to Israel with the parties' three children, unanimously affirmed, without costs.

Plaintiff seeks to relocate on the ground of economic necessity. The request was denied, following a hearing, notwithstanding the court's sympathy with the mother's position and the finding that defendant father's testimony had not been entirely credible. On appeal, plaintiff insists that she satisfied her burden of establishing, by a preponderance of the evidence, that the contemplated move would be in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d 727 [1996]).

While the right of the children and their father to maintain regular and meaningful contact with each other may not be dispositive (see Heisler v Heisler, 30 AD3d 321 [2006]), the fact remains that the effect of permitting plaintiff to move to Israel with the children would effectively prevent defendant from having a normal relationship with his children. The telephone, video hookups and occasional summer and other visitation would not be a substitute for regular, face-to-face contact between the father and the children, particularly inasmuch as the relocation would significantly curtail his active role in their day-to-day life. Moreover, it is highly doubtful that the parties' resources are such as to facilitate frequent air travel between New York and Israel. Aside from the expense in traveling back and forth, there is no indication how the children would adjust to such a drastic change in their lives, or that any benefits from the contemplated move would outweigh the importance of preserving the children's relationship with their father. Moreover, considering plaintiff's apparent failure to pursue any employment opportunities in New York notwithstanding her educational credentials, her claim of economic necessity is rather suspect. Consequently, the trial court did not improvidently exercise its discretion in denying plaintiff's application to relocate. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.