■ In the Matter of CARRIE W., Appellant, v CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES et al., Respondents. [830 NYS2d 406]—

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, J.), entered September 1, 2005 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent Charles W. and dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted, without a hearing, the motion of respondent Charles W., petitioner's father, to dismiss the petition. Petitioner voluntarily executed judicial surrenders with respect to her three biological children pursuant to an agreement, approved by the court, between her and her father and stepmother. Pursuant to the agreement, petitioner's father and stepmother would adopt the children and petitioner would be permitted weekly visitation so long as she did not miss two visits within any 12-month period unless there was a crisis beyond her control. Petitioner commenced this proceeding seeking visitation alleging that her father and stepmother revoked her visitation privileges. The record establishes that petitioner did not visit her children for more than one year and the petition fails to set forth any reason beyond petitioner's control for that missed visitation. The petition also fails to set forth the manner in which the visitation sought is in the best interests of the children (*see generally Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]). Thus, the petition is facially insufficient and the court did not err in dismissing it without a hearing. Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.