Matter of Noah W. (2018 NY Slip Op 00948)





Matter of Noah W.


2018 NY Slip Op 00948


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1522 CAF 16-01053

[*1]IN THE MATTER OF THE ADOPTION OF NOAH W. LAURA B.F., PETITIONER-APPELLANT; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, AMBER W., RESPONDENTS-RESPONDENTS, ET AL., RESPONDENT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
DANIEL J. HARTMAN, BUFFALO, FOR RESPONDENT-RESPONDENT AMBER W. 
DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL). 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 26, 2016 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of the Attorney for the Children to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the petition with respect to the claim for photographs of the subject child, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: On October 26, 2010, petitioner mother conditionally surrendered her two children for adoption. The post-adoption contact agreement (agreement) between the mother, respondent Amber W. and Tad W. (the adoptive parents), and respondent Erie County Department of Social Services (DSS) provided, inter alia, that the mother could have two supervised visits with the children per year. The visits were to be supervised by Catholic Charities, and the mother had the obligation to schedule and pay any fees associated with the visits. The mother agreed that she would forfeit her right to such visits should she fail to schedule or attend any two visits for any reason. Independent of the visits, the adoptive parents agreed to send the mother a photograph of each child every spring. Finally, the mother agreed to notify the adoptive parents of any address changes. On February 22, 2016, the mother filed two petitions, one for each child, seeking photographs of and visitation with the children. In each petition, the mother alleged that there had been a failure of a material condition of the agreement inasmuch as no pictures of the children had been provided to her, and that DSS and the adoptive parents had lied to her in some unspecified way regarding visitation. The Attorney for the Children (AFC) moved to dismiss the petitions. In appeal Nos. 1 and 3, the mother appeals from orders granting the motion and dismissing the petitions.
Contrary to the mother's contention in appeal Nos. 1 and 3, Family Court did not err in granting the motion with respect to those parts of the petitions seeking visitation with the children inasmuch as the petitions failed to set forth any reason for the mother's failure to schedule and attend visits with the children for several years (see generally Matter of Carrie W. v Cayuga County Dept. of Health & Human Servs., 37 AD3d 1059, 1060 [4th Dept 2007], lv denied 8 NY3d 813 [2007]). The petitions similarly fail "to set forth the manner in which the visitation sought is in the best interests of the children" (id.). Thus, the petitions are facially insufficient with respect to visitation (see id.), and the court did not abuse its discretion in denying the request of the mother's attorney for an adjournment to amend the petitions (see generally Matter of Steven B., 6 NY3d 888, 889 [2006]).
We agree with the mother in appeal Nos. 1 and 3, however, that the court erred in granting the motion with respect to those parts of the petitions seeking photographs of the children. Pursuant to the agreement, the mother's right to receive photographs was absolute. Moreover, the petitions alleged that the mother notified the adoptive parents of changes to her address, and the AFC's motion failed to explain why the mother's petitions were facially insufficient with respect to the request for photographs. We therefore modify the orders in appeal Nos. 1 and 3 accordingly, and remit the matter to Family Court for further proceedings with respect to those parts of the petitions seeking photographs of the children, including a hearing if necessary.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court