Matter of Amir BB. v William CC.

2026 NY Slip Op 03339

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Amir BB., Appellant,

v

William CC., Respondent.

Decided and Entered:May 28, 2026

CV-24-1770

Calendar Date: April 28, 2026

Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Richard L. Herzfeld, New York City, for appellant, and appellant pro se.

William CC., Hudson, respondent pro se.

Trinidad M. Martin, Glens Falls, attorney for the child.

[*1]

Garry, P.J.

Appeal from an order of the Family Court of Columbia County (Brian Herman, J.), entered September 17, 2024, which, in a proceeding pursuant to Family Ct Act article 6, granted a motion by the attorney for the child to dismiss the petition.

In March 2024, petitioner commenced this proceeding seeking visitation with a child of respondent, his former spouse. Petitioner has never met the child, bears no familial relation to the child and had no role in the planning, conception or birth of the child. Family Court granted a motion by the attorney for the child to dismiss the petition, finding that petitioner failed to demonstrate his standing to seek visitation. Petitioner appeals.

Appellate counsel seeks to be relieved of his assignment of representing petitioner on the ground that there are no nonfrivolous issues to be raised on appeal (see Anders v California, 386US 738, 744 [1967]). Based on our review of the record and counsel's brief and petitioner's pro se submissions, we agree. Accordingly, the order is affirmed and counsel's application to be relieved of his assignment is granted (see Matter of David ZZ. v Thomas ZZ., 155 AD3d 1289, 1290 [3d Dept 2017]; Matter of Pamela N. v Neil N., 100 AD3d 1126, 1126 [3d Dept 2012]; Matter of John M. v Brenda M., 286 AD2d 831, 831 [3d Dept 2001]).

Clark, Fisher, Mackey and Ryba, JJ., concur.

ORDERED that the order is affirmed, without costs, and application to be relieved of assignment granted.